IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFONSO TORRES ALVAREZ,       )
                                               )
              Petitioner,       )
                                               )
          vs.              )     Civil Action No. 3:23-cv-215
                                           )     Judge Stephanie L. Haines
MICHAEL UNDERWOOD, Warden, F.C.I.  )     Magistrate Judge Keith A. Pesto
Loretto,                            )
                                           )
            Respondent     )

## MEMORANDUM ORDER

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2241 by

*pro se* Petitioner Alfonso Torres Alvarez ("Petitioner") (ECF No. 5). Petitioner is incarcerated at

the Federal Correctional Institution at Loretto ("FCI-Loretto") and challenges the Bureau of

Prison's ("BOP") decision to not credit him with Earned Time Credits ("ETC") under the First

Step Act ("FSA"). (*Id.*). Petitioner brings his Petition against Michael Underwood, Warden of

FCI-Loretto ("Respondent"). (*Id.*). Respondent filed a Response in this case contending that

Petitioner's Petition should be denied because one of Petitioner's convictions renders him

ineligible for ETCs and his convictions must be aggregated. (Doc. No. 10).

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance

with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge

Pesto filed a Report and Recommendation (ECF No. 11) recommending that the Petition be denied.

Judge Pesto states that Petitioner's sentence for being an inmate in possession of contraband in

violation of 18 U.S.C. § 1791 renders him ineligible for ETCs under the FSA. (*Id.* at 2-3). Further,

he states that Petitioner's initial sentence and consecutive sentence are correctly aggregated

pursuant to BOP policy, which the United States Court of Appeals for the Third Circuit has held

1

is permissible. (*Id.* (citing *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023), *cert. denied*, 144 S. Ct. 873, No. 23-6197 (Feb. 20, 2024)). Judge Pesto also advised Petitioner of the 14-day time period to file objections. (ECF No. 11 at 3).

Petitioner then filed Objections (ECF No. 12) stating the following: (1) that he does not consent to the jurisdiction of a magistrate judge; (2) that Judge Pesto's "legal conclusion that the FSA as enacted 'required the BOP to treat '[m]ultiple terms of imprisonment ordered to run consecutively . . . as a single aggregate term of imprisonment,'' is erroneous and constitutes an abuse of discretion[;]" (3) that Judge Pesto abused his discretion by not addressing the issue of deference owed to BOP policy; and (4) that Judge Pesto's report and recommendation is "predicated on an erroneous conclusion of law as to the level of deference due to BOP policy." (ECF No. 12). Petitioner attaches to his Objections the Consent to Jurisdiction by a United States Magistrate Judge signed by Assistant United States Attorney Adam Fischer and the District Judge Option signed by Petitioner. (ECF No. 12-1).

Upon review of the record, the Report and Recommendation (ECF No. 11), and Petitioner's Objections (ECF No. 12), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of the Magistrate Judge in this matter and overrule Petitioner's Objections.

Petitioner contends that he does not consent to the jurisdiction of a magistrate judge. (ECF No. 12 at 1). Petitioner misunderstands the law. Petitioner's consent to have the case referred to a Magistrate Judge for the preparation of a Report and Recommendation is not required. *See Drake v. Court of Common Pleas of Washington County*, No. 17-1489, 2018 WL 1136120, at *1 (W.D. Pa. Feb. 26, 2018) (citing *Lineberry v. U.S.*, 436 Fed. Appx. 293, 295 (5th Cir. 2010) (stating "the magistrate judge only made 'findings of fact and recommendations' pursuant to § 636(b)(1)(B),

and the consent of the parties was not required for the district judge to refer the case to a magistrate judgment because 'the ultimate decision-making authority was retained by the district court.'" (citations and quotations omitted)). Petitioner's attached exhibit, showing Consent to Jurisdiction by a United States Magistrate Judge signed by Assistant United States Attorney Adam Fischer and the District Judge Option signed by Petitioner, does not change this conclusion. This Consent form, containing a Section 636(c)(1) referral, gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review. *See Wills v. Smith*, 2005 WL 1155874, at *1 (M.D. Pa. May 6, 2005). This differs from referral of pretrial but case dispositive matters under § 636(b)(1), which leaves the district court free to do as it sees fit with the magistrate judge's recommendations. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003). Consequently, consent of either party is not necessary for the Magistrate Judge to issue a Report and Recommendation in this matter. The Court overrules Petitioner's objection on this point.

Petitioner's second objection, stating that the "legal conclusion that the FSA as enacted 'required the BOP to treat '[m]ultiple terms of imprisonment ordered to run consecutively . . . as a single aggregate term of imprisonment,'" is erroneous and constitutes an abuse of discretion[,]" is also overruled. (ECF No. 12). As Judge Pesto explained, "[t]he background against which the First Step Act was enacted required the BOP to treat '[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.'" (Doc. No. 11 at 2 (citing 18 U.S.C. § 3584(c))). Contrary to Petitioner's contention, this was not a legal conclusion but a quote of 18 U.S.C. § 3584(c), which explains how multiple sentences are treated as an aggregate sentence. Accordingly, this objection is overruled.

The Court also overrules Petitioner's next objections concerning the level of deference due

3

to BOP policy. (Doc. No. 12 at 1-2).  Specifically, Petitioner contends that Judge Pesto's failure

to address what level of deference is due to BOP policy is an abuse of discretion, especially in

light of the United States Supreme Court's ongoing reconsideration of Chevron deference.  (*Id.*).

Petitioner also contends that Judge Pesto's report and recommendation is based on "an erroneous

conclusion of law as to the level of deference due to BOP policy." (*Id.* at 2).  The Court disagrees.

Judge Pesto stated that this was not an issue the court should address at this time as it was enough

that the United States Court of Appeals for the Third Circuit held that the BOP's aggregation policy

is permissible. (ECF No. 11 at 2 (citing *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023

WL 4556726, at *2 (3d Cir. July 17, 2023)).  The Court agrees with Judge Pesto's analysis.  The

United States Court of Appeals for the Third Circuit explained that "[c]alculation of an inmate's

term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's

responsibilities as charged by Congress." *Teed*, 2023 WL 4556726, at *2.  This holding was based

on the clear language in 18 U.S.C. 3584(c), without any reference to which deference was due to

BOP policy.  Similarly, here, Judge Pesto addressed 18 U.S.C. § 3584(c) and the Third Circuit's

holding that the BOP's aggregation policy is permissible.  No further analysis is needed.

Accordingly, the Court overrules Petitioner's objections on this point.

The Court therefore denies Petitioner's Petition.  An appropriate Order follows.

## ORDER

AND NOW, this  15th  day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's

Report and Recommendation (ECF No. 11) is adopted as the Court's Opinion and;

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 12) are hereby

OVERRULED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF

No. 5) is hereby DENIED;

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Alfonso Torres-Alvarez, Reg. No. 76538-067
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630
Pro se